THOMAS DANIELS, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, May 1, 1894.

Jurisdiction: SERVICE BEYOND THE STATE. Service in this state of a summons issued by a foreign court will not give that court jurisdiction to render a personal judgment against the defendant thus served.

*Appeal from the Clark Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*Gardiner Lathrop, T. L. Montgomery* and *S. W. Moore* for appellant.

The Iowa court had jurisdiction of the parties and the subject-matter, and by the garnishment process had attached the debt of the garnishee to the defendant, so that it was in *custodia legis*. This is a bar to this action. We submit that the better rule is the one recently adopted by the Kansas City court of appeals,

that the defendant employee may be garnished in any jurisdiction where he would have a right of action against the railroad company to recover the money due him. In this view of the case the Iowa court had complete jurisdiction of the subject-matter, and its judgment is binding. *Wyeth Hardware Co. v. Lang*, Kansas City court of appeals, reported in Missouri Legal News, of date September 23, 1893; *Havey v. Railroad*, 52 N. W. Rep. 905; *Nickells v. Hooper*, 17 Atl. Rep. 134; *Railroad v. Crow*, 102 Ill. 258; *Berry v. Depps*, 13 S. W. Rep. 979; *Railroad v. Dugan*, 31 N. W. Rep. 594; *Boyd v. Ins. Co.*, 16 S. W. Rep. 384; *Railroad v. Thompson*, 41 Kan. 180, and cases there cited. And, in the absence of proof, we must determine the question of the validity of the Iowa proceedings in accordance with the statutes and laws of this state. Under this test the service on the defendant was sufficient. *Wyeth Hardware Co. v. Lang*, Mo. Legal News of September 23, 1893.

*C. T. Llewellyn* for respondent.

The Iowa court did not have jurisdiction of the defendant, who is this plaintiff, nor of the subject-matter of the suit. The evidence shows that the Iowa constable crossed the Des Moines river and came three or four miles over into Peaksville, Missouri, and served Daniels by leaving a copy of an original notice with Daniels' wife. This was an act of usurpation, and certainly without authority of law, and did not give the Iowa justice jurisdiction. Jurisdiction over the party is had, when the person is actually served within the court's territorial jurisdictional limits, or when he appears and by his pleadings admits the jurisdiction. *Fithian v. Monks*, 43 Mo. 502; Waples on Attachment [Ed. 1885], p. 304.

BIGGS, J.—This action is for services rendered by the plaintiff as a section hand on the defendant's railroad at Revere, Missouri. The defendant admitted that the services were rendered, and that their reasonable value was the amount sued for.

As a defense to the action it was claimed that one Henry Rider had sued the plaintiff by attachment before a justice of the peace in the state of Iowa, and that the defendant, whose road extended through the latter state, was summoned as a garnishee in that action; that the attachment had been sustained, and that the defendant, as garnishee, had been compelled to pay the amount of the debt for which the plaintiff now sues.

As the defense relied on is unsupported in its essential features by any evidence, we are precluded from discussing it. The defendant read in evidence a transcript of the proceedings before a justice of the peace in Lee county, Iowa, in which Henry Rider was plaintiff, and the plaintiff herein was defendant. The transcript showed that the defendant company was summoned as garnishee, and that the attachment had been sustained, and a personal judgment rendered against Daniels; but there is nothing in the record to show what disposition was made of the garnishment, nor is there a particle of evidence in the record to show that the defendant was compelled to pay anything on account of it. Under this condition of the record there is nothing for us to review.

However, the record before us shows that the judgment entered against the plaintiff by the justice of the peace of Iowa was without jurisdiction. The summons was served in this state by an Iowa constable, and there was no appearance by Daniels, except for the purpose of raising the question of juris-

. diction. No authorities need be cited to show that under such circumstances the Iowa justice acquired no jurisdiction to render a personal judgment against Daniels. We have deemed it proper to notice this matter in order to avoid further possible proceedings or complications.

The judgment of the circuit court will be affirmed. All the judges concur.